{¶ 15} Being unable to agree with the majority opinion, I respectfully dissent.
 {¶ 16} One of the purposes of the chapter on air pollution control is to protect and enhance the quality of the state's air resources so as to promote public health and welfare. R.C. 3704.02. Consistent with that purpose, R.C. Chapter 3704 is designed to "enable the state, through the director of environmental protection, to adopt and maintain a program for the prevention, control, and abatement of air pollution * * *." R.C.3704.02(A)(2). The director may "exercise" all incidental powers, including adoption of rules, required to carry out the chapter's purposes. R.C. 3704.03(X).
 {¶ 17} Pursuant to R.C. 3704.03(G), the director may "[a]dopt * * * rules prohibiting the operation * * * of any * * * existing air contaminant source unless an operating permit has been obtained from the director. * * * An operating permit shall be issued only upon a showing * * * that the air contaminant source is being operated in compliance with applicable emission standards," currently found in Ohio Adm. Code3745-17-07(B). Once it is issued, the permit may be revised in response to factors affecting compliance, and it may include such other terms and conditions as are necessary to ensure compliance with applicable air pollution control law. Ohio Adm. Code 3745-35-02(D)(6).
 {¶ 18} Ohio Adm. Code 3745-15-07 defines "public nuisance" as the emission of ashes or dust in such amounts "as to endanger the health, safety or welfare of the public, or cause unreasonable injury or damage to property," and it "shall be unlawful for any person to cause, permit or maintain any such public nuisance." Ohio Adm. Code 3745-17-08(A)(2), in turn, provides that "if, in the director's judgment, probable cause exists to believe that such source is causing or contributing" to a violation of Ohio Adm. Code 3745-15-07, defining a public nuisance, the director may "require the owner or operator of the fugitive dust source to apply for and obtain a permit to operate for the source in accordance with rule 3745-35-02 of the Administrative Code and/or require the owner or operator to * * * implement a control program which will bring the fugitive dust source into compliance with the requirements of paragraph (B) of this rule as expeditiously as practicable."
 {¶ 19} As a result of the foregoing, the director had two avenues to address the fugitive coal dust at issue in this case. As the majority notes, the director could issue an order pursuant to R.C. 3704.03(R), considering the "technical feasibility and economic reasonableness" of complying with an order requiring abatement of, or prohibiting emissions that, violate applicable emission standards.
 {¶ 20} Alternatively, if the director had probable cause to believe the fugitive dust rose to the level of a public nuisance, the director could require the owner or operator to obtain a permit to operate. Because of the very nature of a public nuisance, the rule does not require the director to consider technical feasibility or economic reasonableness of the proposed limitation, imposed under Ohio Adm. Code3745-17-08 and 3745-17-07. The restrictions imposed did not require appellant to purchase new equipment to achieve compliance.
 {¶ 21} In light of the statutory scheme, the real issue is whether appellant's fugitive coal dust constitutes a public nuisance that would permit the director to invoke the provisions of Ohio Adm. Code3745-27-08(A)(2). The director found probable cause to believe the fugitive dust from appellant's property was a public nuisance. Although the applicable rule did not require the director to conduct a hearing to make that determination, appellant appealed the matter to the Environmental Appeals Review Commission ("commission"), and in the appeal the commission conducted a hearing. In it, the commission specifically addressed the issue of whether the circumstances at issue constitute a public nuisance. The commission determined the evidence supported the director's action.
 {¶ 22} Because the director's actions conform to the applicable statutory and administrative rule provisions, I cannot agree with the majority opinion and therefore dissent.